IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODY SAID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-728-X-BN |
| | § | |
| EAN HOLDINGS LLC dba | § | |
| ENTERPRISE CAR RENTAL CO., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mody Said filed this lawsuit *pro se* in a Dallas County state court, alleging claims of negligence against Defendants EAN Holdings, LLC dba Enterprise Car Rental Co. ("EAN") and ELCO Administrative Services Company dba Rental Claims Services ("ELCO"), and Defendants removed Said's lawsuit to federal court on March 27, 2024, invoking diversity jurisdiction. *See* Dkt. No. 1. United States District Judge Brantley Starr referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Thirty days after removal, Said moved to remand his lawsuit to state court under 28 U.S.C. § 1447(c). *See* Dkt. No. 16. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to remand.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (cleaned up; citing 28 U.S.C. § 1447(c)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d

1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

## Analysis

Said argues that remand is required because Defendants are citizens of Texas, so the Court lacks subject matter jurisdiction under Section 1332, and because, although Defendants filed the notice of removal in state court and federal court, they failed to personally serve the notice on him and thus violated a provision of the removal statute, 28 U.S.C. § 1446(d).

As always, the Court must start with jurisdiction.

In their notice, Defendants allege that EAN, a limited liability company, "is organized in the State of Delaware, with its corporate office and principal place of business in St. Louis, Clayton County, Missouri" and that "[t]he solo member of EAN Holdings, LLC is a citizen of the State of Missouri, and no member resides or is a citizen within the State of Texas." Dkt. No. 1, ¶ 3. These allegations sufficiently allege both the citizenships of EAN and that it is not a citizen of Texas. *See SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.' To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" (citations omitted)).

As to ELCO, Defendants allege in their notice that it "is a foreign company organized in the State of Delaware with its principal place of business in St. Louis,

Missouri." Dkt. No. 1, ¶ 4. These allegations also sufficiently allege both the citizenships of ELCO and that it too is not a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Said does not rely on contrary evidence to counter Defendants' allegations but just contends that, because Defendants have a physical address in Texas and a registered agent in Texas, they are Texas citizens. *See, e.g.*, Dkt. No. 16 at 3-4.

But Said's contentions are not in line with the "well-settled rule[s]" applicable to alleging entity citizenship, reflected by the legal standards set out above. *Bogany v. CVA Pharmacy, Inc.*, Civ. A. No. H-19-664, 2019 WL 1979838, at *1 (S.D. Tex. May 3, 2019) ("Bogany argues that CVS and Securitas are Texas citizens because they have 'registered agents in Texas and are licensed to do business in … Texas.' This argument is foreclosed by the well-settled rule that '[f]or the purposes of diversity jurisdiction, a corporation is the citizen of the state in which it was incorporated and the state in which it has its principal place of business.'" (citations omitted)).

Said therefore fails to show that remand is required for a lack of jurisdiction.

But he also argues that, while the notice of removal was filed in the state and federal proceedings, Defendants did not also serve the notice on him. *See, e.g.*, Dkt. No. 16 at 4-5.

The removal statute provides, in applicable part, that

> [p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

As another district court in this circuit has found, as to the same argument for remand, remand is not

> appropriate based on failure to provide notice of a removal when there is no undue delay and the Plaintiff does not suffer any prejudice in being able to file a timely motion to remand under 28 U.S.C. § 1447(c). *See Vasquez v. Jim Wells Cnty.*, No. 05-506, 2005 WL 8164067, at *2 (S.D. Tex. Nov. 23, 2005) (denying remand for improper service under Section 1446(d) where notice was provided 29 days after removal and the plaintiff was able to file a timely motion to remand). Furthermore, a procedural defect of this nature may be cured. *See Carr v. Cap. One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012) ("Defects in removal procedure are not normally grounds for remand and may be cured.") (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993)).

*Harris v. Louisiana*, Civ. A. No. 22-897-SDD-RLB, 2023 WL 2418358, at *3 (M.D. La. Feb. 17, 2023), *rec. adopted*, 2023 WL 2418221 (M.D. La. Mar. 8, 2023).

Like the plaintiff in *Harris*, whenever Said received the notice of removal, he was able to file a timely motion for remand. "Under these circumstances, there was no prejudice to [Said] and any lack of compliance with Section 1446(d) does not merit remand because the defect was cured." *Id.* at *4 (citations omitted).

Said therefore also fails to show that remand is required based on his allegation that the removal statue was violated.

In sum, the motion to remand should be denied.

## Recommendation

The Court should deny Plaintiff Mody Said's motion to remand [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE