EAN.17429

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MODY SAID** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EAN HOLDINGS LLC DBA** | § | **Civil Action No. 3:24-CV-00728** |
| **ENTERPRISE CAR RENTAL CO, AND** | § | |
| **ELCO ADMINISTRATIVE SERVICES** | § | |
| **COMPANY DBA RENTAL CLAIMS** | § | |
| **SERVICES** | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANT EAN HOLDINGS, LLC'S MOTION TO DISMISS**
**PURUSUANT TO RULE 12(b)(6)**

COMES NOW, DEFENDANTS EAN HOLDINGS, LLC, improperly characterized as doing business under the name ENTERPRISE CAR RENTAL CO. ("Defendant EAN"), AND ELCO ADMINISTRATIVE SERVICES COMPANY DBA RENTAL CLAIMS SERVICES ("Defendant ELCO") (collectively "Defendants"), in the above styled and numbered case, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure file this, their Motion to Dismiss all of Plaintiff's claims against Defendants EAN and ELCO.

**STATEMENT OF THE ISSUES**

1.      The following issues are to be decided by this Court:

> a.  The Graves Amendment 49 U.S.C. § 30106, requires Plaintiff to show actual negligence on the part of Defendants EAN and ELCO. Plaintiff's bare and conclusory claims against a rental car company will not overcome this Court's scrutiny.

> b.  Plaintiff has not asserted a viable cause of action for negligent entrustment against Defendants EAN and ELCO as required by *Bell Atlantic Corporation*

*v. Twombly*, 550 U.S. 54 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009).

c. Plaintiff has not asserted a viable cause of action for direct based negligence claims or breach of contract against Defendants EAN and ELCO. Plaintiff's claims are nothing more than bare and conclusory claims.

## I.    Background

This lawsuit arises out of an automobile accident involving Mody Omar Said ("Plaintiff") and Nonparty driver ("Dylan Perry") that occurred on **August 13, 2022**, on N. Stemmons Freeway, Dallas, Texas.

Nonparty Perry was driving a 2021 black Malibu Chevrolet owned by Defendant EAN. Defendant EAN is a rental car company and uses the trade name Enterprise Rent-A-Car.

On **March 01, 2024**, Plaintiff filed suit against Defendants EAN and ELCO excluding Dylan Perry as a Defendant. However, both the Texas common law and the Graves Amendment, 49 U.S.C. § 30106, preclude liability on the part of Defendant EAN (rental car owner) due to ownership or mere renting of a vehicle that was involved in an accident. Further, Plaintiff's bare allegation against Defendant ELCO of "accepting liability" fails to state a claim upon which relief can be granted. Defendant ELCO simply administers liability claims brought against Defendant EAN.

Defendants ELCO and EAN file this *Motion to Dismiss* on the basis that Plaintiff did not plead facts to show he had a viable cause of action for negligent entrustment or any other theory of liability against Defendants ELCO and EAN pursuant to the Graves Amendment, 49 U.S.C. § 30106 and the Texas common law.

On **May 20, 2024**, Plaintiff spoke with Defendant in order to comply with the Court's Order for Cause requiring Plaintiff to participate in the Rule 26 (f) conference. *See* ECF Doc. 23.00- Attachment A. During the telephone conference, Defense counsel spoke with Plaintiff at

length regarding his intent to file a Fed. R. Civ. P. 12 (b) (6) Motion to Dismiss.

On the following day of **May 21, 2024**, Defense counsel sent Plaintiff a letter via mail and certified mail explaining the deficiencies in Plaintiff's Original Petition and Plaintiff's failure to state a claim upon which relief could be granted. *See* ECF Doc. 27.01- Attachment B.

Defense counsel noted that no viable cause of action was asserted, and Plaintiff has still failed to state a claim upon which relief can be granted. Defense counsel clarified that he had no fair notice of Plaintiff's claims and his corresponding grounds of recovery. Plaintiff was not clear on whether he was making negligence-based claims or breach of contract claims against Defendants ELCO and EAN.

On **May 28, 2024**, Defense counsel e-mailed Plaintiff reiterating that Defendant sent a letter to Plaintiff via mail and certified mail regarding the deficiencies in his Petition and explained to Plaintiff that Plaintiff had seven (7) days to file a notice of amendment of his Petition and seven (7) days from that point to file his First Amended Petition *See* ECF Doc. 27.02- Attachment C and ECF Doc 27.03- Attachment D. On **May 29, 2024**, Plaintiff responded acknowledging he received Defense's counsel written letter on its intent to file a motion to dismiss. *See* ECF Doc. 27.04- Attachment E.

Subsequently, Plaintiff failed to amend his Petition to include the driver, which is the only person or entity subject to liability for the accident and damages at issue.

Furthermore, Plaintiff has made bare conclusions that Defendant ELCO accepted liability, presumably on behalf of the driver, and proceeded not to follow through with its pledge of liability. Plaintiff hopes to induce liability against Defendants ELCO and EAN without including the driver as a Defendant, and without alleging any facts that would support a claim of negligent entrustment.

In order to have a viable claim against Defendants ELCO and EAN, Plaintiff must sue the alleged driver for negligence and thereafter sue Defendants ELCO and EAN for negligent

entrustment, if Plaintiff can present facts or evidence to support such claim. Plaintiff has not asserted any cause of action of direct negligence against the driver at the time of the collision. On **April 29, 2024**, Defendant disclosed the identity of the driver in its initial disclosures. Plaintiff has also failed to file his initial disclosures to give Defendant an idea of Plaintiff's claims and a rough value of his alleged damages.

Plaintiff's only theory of liability against Defendant ELCO is that ELCO accepted liability by sending an adjuster out to appraise his vehicle. Plaintiff has otherwise failed to assert a specific claim or cause of action against the ELCO or otherwise provide any information regarding how ELCO could have possibly caused damage to Plaintiff.

Lastly, Plaintiff makes no mention of EAN in his potential claims. Instead, Plaintiff only listed EAN in his (II) Parties section and (III) Jurisdiction and Venue section of his Original Petition. See *Plaintiff's Original Petition* ¶ 4-8. Plaintiff does not include any facts that could result in any liability on behalf of Defendant EAN Holdings. There are no possible theories of liability alleged against EAN Holdings.

As such, Defendants ELCO and EAN request that this case be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. Further, due to Plaintiff's failure to comply with the Court's orders and their untimely responses to discovery, Defendants have spent time and resources forcing Plaintiff to comply with basic civil procedure rules. Therefore, Defendant EAN also requests sanctions in the amount of $5,000 for attorney's fees.

## II.    Standard of Review

Plaintiff's claims are subject to scrutiny under the federal pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 54 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009) (citied hereinafter as *Iqbal*).

Federal Rule of Civil Procedure 8(a) requires Plaintiff to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff fails to satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," plaintiffs are required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, at 555. The statement of the claim for relief must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, at 663. Even though "a complaint does not need detailed factual allegations," it nevertheless must include "factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotation marks and citation omitted). Plaintiffs must allege "something beyond the mere possibility, . . . lest a

plaintiff with a largely groundless claim be allowed to take up the time of a number of people…"
*Twombly* at 557-58.

### III.    Arguments and Authorities

###    a.    <u>**Plaintiff has failed to state a claim upon which relief can be granted.**</u>

The Graves Amendment, 49 U.S.C. § 30106, is a federal tort reform statute that preempts vicarious liability claims against rental vehicle companies based merely on ownership, except when a plaintiff can show the rental vehicle company's direct negligence caused the harm:

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

> (1) The owner (or an affiliate of the owner) is engaged in the trade of
>
> business of renting or leasing motor vehicles; and
>
> (2) There is no negligence or criminal wrongdoing on the part of the
>
> owner (or an affiliate of the owner).

The Graves Amendment specifically precludes liability on the part of a rental vehicle company merely because it owned and rented a vehicle that was involved in an accident. Plaintiffs are required to show that the rental company's negligence directly caused the accident. See *Marr v. Croxton*, 2022 WL 2161059 at *2 (W.D. Tex. 2022).

Courts have consistently held that the Graves Amendment preempts state laws imposing liability on the owner-lessor when there is no actual negligence on the part of the owner-lessor. See, e.g., *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1249 (11th Cir. 2008) (finding Graves Amendment preempted state law court claims); *Noll v. Avis Budget Grp. LLC*, 2008 WL

4282985 at *2 (E.D.N.Y. Sept. 17, 2008) (preempting vicarious liability claim against non-negligent lessor); *Flagler v. Budget Rent A Car System, Inc.*, 538 F.Supp.2d 557, 560 (E.D.N.Y. 2008) (granting Rule 12(b)(6) motion and dismissing vicarious liability claim in wrongful death case against rental car entity); *Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F.Supp.2d 341, 346 (W.D.N.Y. 2008) (barring personal injury, wrongful death, and negligence claims against rental car company based upon Graves Amendment).

Only in the event of facts to support independent negligence on the part of the lessor is the exception to preemption satisfied. See 49 U.S.C. § 30106(a)(2). "[W]hile the express language of Section 30106(a)(2) does create an exception to the Graves Amendment, 'it is rarely applicable and should be cautiously applied in light of Congress' clear intent to forestall suits against vehicle leasing companies.'" *Johnson v. Alamo Fin., L.P.*, 2009 WL 4015572 at *3 (M.D. Fla. Nov. 19, 2009) (quoting *Carton v. General Motors Acceptance Corp.*, 639 F.Supp.2d 982, 996 (N.D. Iowa 2009).

Even without invoking the Graves Amendment, the Texas courts have never recognized a claim for vicarious liability against a vehicle owner based merely on ownership of the vehicle. *See e.g., Rollins Leasing Corp. v. Barkley*, 531 S.W.2d 603, 605 (Tex. 1975).

Plaintiff's only viable theory of recovery against Defendant EAN would be in a negligent entrustment claim. Plaintiff has not alleged any facts giving rise to a negligent entrustment claim.

In Plaintiff's Original Petition, he claimed that Defendant ELCO accepted liability, presumably on behalf of the renter for the accident and then proceeded not to follow through with pledge for liability. *See* Plaintiff's Original Petition ¶ 15-16. Specifically, ELCO allegedly accepted liability by sending out an adjuster to Plaintiff's place of residence to appraise his damaged motor vehicle. Plaintiff alleges he was forced to pursue legal action when ELCO proceeded not to follow through with their pledge of liability. Plaintiff further states that "Only

applicable matter which the Defendant, ELCO Administrative Services Company dba Rental Claims Services failed to follow through was their pledge of liability for the motor vehicle accident after assigning an adjuster to appraise Plaintiff's damaged motor vehicle property. See Tex. Civ. P. & Rem. Code 171.001." *See* Plaintiff's Original Petition ¶ XI.

In this case, Plaintiff's petition makes no mention of any of the elements of negligent entrustment and cites no facts to support the essential elements of negligent entrustment against Defendants EAN.

The elements of proof to maintain a cause of action for negligent entrustment are:

(1) entrustment of a vehicle by an owner,

(2) to an unlicensed, incompetent or reckless driver,

(3) that the owner knew or should have known to be unlicensed, incompetent, or reckless,

(4) that the driver was negligent on the occasion in question, and

(5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *Williams v. Steves Industries*, Inc., 699 S.W.2d 570, 571 (Tex. 1985); *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 591 (1947).

In particular, no facts are set forth in the Plaintiff's pleadings to suggest that the driver was incompetent or reckless or that Defendant EAN knew or should have known this. See *Plaintiff's Original Petition*. Plaintiff has not alleged that EAN Holdings negligently entrusted the vehicle to the renter.

As previously established, a claim is only facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663. Accordingly, the Plaintiff's pleadings must give the Court

reason to believe that the Plaintiff has a reasonable likelihood of mustering factual support of the negligent entrustment claim asserted against Defendant EAN.

Plaintiff's only possible theory of recovery against the Defendant EAN would have been a negligent entrustment claim. Plaintiff has failed to provide any factual support that would create a reasonable inference that EAN is liable for negligent entrustment. Plaintiff's Petition does not demonstrate that he has a reasonable likelihood of mustering factual support that EAN negligently entrusted a vehicle to the Nonparty driver. Plaintiff has cited no facts to show that the driver was incompetent or reckless or that EAN knew or should have known such. The Graves Amendment requires that Plaintiff show direct negligence of EAN, otherwise, there can be no liability for ownership or renting of the vehicle by EAN. Plaintiff's claims are strictly based on the fact that Defendant ELCO, the claims administrator for Defendant EAN, allegedly accepted liability. Plaintiff has not alleged any facts giving rise to a negligent entrustment claim against EAN. Plaintiff would need to allege that EAN knew or should have known that the renter was an unlicensed, incompetent or reckless driver at the time of the entrustment which Plaintiff failed to plead. Plaintiff's alleged facts fail to give rise to any direct negligence-based claims against ELCO and/or EAN. Accordingly, this Court should dismiss Plaintiff's claims against Defendants ELCO and EAN pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### b.  <u>Plaintiff has failed to serve and add the driver to this lawsuit.</u>

Plaintiff's sole theory of recovery against EAN would be in an alleged negligent entrustment claim. In a negligence entrustment claim against Defendant EAN, Plaintiff would need to add the driver as a defendant in this lawsuit and sue the driver for negligence. Plaintiff has failed to name or serve the driver of the vehicle after Defendants' disclosure of his identity in their initial disclosures on April 29, 2024.

Plaintiff only makes a vague claim against Defendant ELCO for accepting liability and not

following through with their pledge of liability. See *Plaintiff's Original Petition* ¶ 15-16. ELCO is not aware of whether Plaintiff's sole claim is negligence-based or contract-based and what the grounds are for this claim.

To recover on a negligent entrustment theory against EAN, the plaintiff must establish that the driver's negligence proximately caused the accident *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570, 571 (Tex. 1985); *see TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010) (claim for negligent entrustment fails when risk that caused entrustment to be negligent did not cause collision); *Risinger v. Shuemaker*, 160 S.W.3d 84, 90–91 (Tex. App.—Tyler 2004, pet. denied) (mere fact of rear end collision does not establish negligence in itself; though driver admitted rear end collision with car stopped in street to make turn, driver did not admit to negligence, so jury finding of no negligence on part of driver exonerated both driver and employer on entrustment theory). In other words, the owner's negligence in entrusting the vehicle to an unlicensed, incompetent, or reckless driver is not actionable in the absence of negligence on the part of the driver that proximately caused the accident. *Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex. Civ. App.—El Paso 1966, writ ref'd n.r.e.); *Yap v. ANR Freight Systems, Inc.*, 789 S.W.2d 424, 428–429 (Tex. App.—Houston [1st Dist.] 1990, no writ) (owner not liable for negligent entrustment because plaintiff failed to prove that driver's negligence proximately caused accident]. Once damage to a third person results from the driver's negligence, a causal connection exists between the owner's negligent entrustment of the vehicle and the damage suffered by the third person *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 591 (1947); *Green v. Texas Electrical Wholesalers*, 651 S.W.2d 4, 7 (Tex. App.—Houston [1st Dist.] 1982, writ dism'd by agr.).

Plaintiff has failed to serve the driver and include the driver as a party to this lawsuit. In order to properly state a claim against EAN for negligent entrustment, Plaintiff must prove that the

driver's negligence proximately caused the accident. Since Plaintiff has failed to properly amend his petition and add the driver as a defendant, Plaintiff has failed to establish a viable cause of action against the driver. Therefore, any claims against EAN should be dismissed. Furthermore, ELCO's only involvement is as the third-party claim administrator for Defendant EAN. Plaintiff has alleged no facts that would create liability for the accident on the part of ELCO.

### c.  Plaintiff fails to give fair notice to Defendants of its claims and grounds.

Plaintiff's Petition is not clear on whether he is making negligence-based claims or contractual based claims against ELCO. Plaintiff's only theory of liability is against ELCO for not following through with its pledge of acceptance of liability. As such, even if these allegations in Plaintiff's Petition are taken as true, they nevertheless do not suffice to give ELCO fair notice of any cause of action against it.

Plaintiff also fails to properly allege facts of a breach of contract. In order to prevail on a breach of contract claim, Plaintiff would need to show that there was (1) a valid contract, (2) a breach of contract, and (3) damages resulting from the breach of contract.

To prove a contract, there must be (1) an offer, (2) acceptance, and (3) consideration. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied). To determine whether there was an offer and acceptance, and therefore a "meeting of the minds," courts use an objective standard, considering what the parties did and said, not their subjective states of mind. *Id*. To establish a contract, Plaintiff needs to show there was a meeting of the minds between the Parties. *Tour de Force, Ltd. v. Barr*, No. 05-14-01430-CV, 2016 Tex. App. LEXIS 3127, at *5-6 (Tex. App.—Dallas Mar. 28, 2016, no pet.). Plaintiff has failed to allege the existence of a contract, breach of contract, and damages resulting from that breach. Instead, Plaintiff makes bare accusations that Defendant ELCO accepted liability by sending an adjuster out to appraise the property damage and not following through with its pledge of liability. Plaintiff has failed to allege

any sort of meeting of the minds of the Parties by offer and acceptance.

While the allegations need not be overly detailed, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 55) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting Twombly, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557).

Accordingly, this Court should dismiss Plaintiff's claims against Defendants ELCO and EAN. Plaintiff has not given Defendants ELCO and EAN fair notice of its causes of action against the Defendants and the corresponding grounds for those causes of action.

### d.  <u>Plaintiff makes no mention of any potential claims against EAN Holdings LLC.</u>

Plaintiff makes no mention of any potential claims against Defendant EAN. Plaintiff only mentions Defendant EAN in the (II) Parties and (III) Jurisdiction and Venue sections of his Original Petition.  See *Plaintiff's Original Petition* ¶ 4-8. Therefore, Plaintiff does not allege any facts that would give rise to lability against Defendant EAN.

### e.  <u>Plaintiff has failed to timely respond to discovery.</u>

Plaintiff Mody Said has still not served Defendants with his initial disclosures.

### IV.    CONCLUSION

Considering the case law set forth above, Fifth Circuit precedent and Texas law, it is Plaintiff's obligation to plead facts that show that it has a viable cause of action against Defendants ELCO and EAN.  Both the Texas common law and the Graves Amendment specifically preclude

a vicarious liability claim based on ownership or the renting or loaning of a vehicle when there has been no direct negligence, and Plaintiff has not pled any facts that demonstrate direct negligence on behalf of Defendants ELCO and EAN. See 49 U.S.C. § 30106. Plaintiff does not include any of the elements for a negligent entrustment cause of action against Defendant EAN.

Despite multiple attempts, Plaintiff has failed to show that he is legally entitled to relief against Defendants ELCO and EAN.  Further, since the beginning of this lawsuit, Plaintiff has continually failed to timely comply with basic discovery procedures.  Plaintiff has continually failed to comply and timely respond to the Court's orders.  Plaintiff has not meaningfully engaged in this litigation process he initiated and has prevented this case from moving forward.

WHEREFORE, PREMISES CONSIDERED, Defendants ELCO and EAN request that the Court grant this Rule 12(b)(6) Motion and dismiss all of Plaintiff's claims against Defendants ELCO and EAN; Defendants request that Plaintiff be sanctioned $5,000 for failure to comply discovery; and for such other relief, both at law or in equity, to which Defendants are justly entitled.

Respectfully submitted,

FEE, SMITH & SHARP, LLP

/S/ DANIEL M. KARP
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**MICHAEL A. HEIBEL**
State Bar No. 24116502
mheibel@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEY FOR DEFENDANT
EAN HOLDINGS, LLC**

## CERTIFICATE OF CONFERENCE

On **May 20, 2024**, Defense counsel conferred with Plaintiff over the telephone regarding the deficiencies in Plaintiff's Original Petition and Defendants' intent to file a Motion to Dismiss under Federal Rule of Civil Procedure 12 (b) (6).

On **May 21, 2024**, Defense counsel sent Plaintiff a letter through regular and certified mail regarding (i) the deficiencies in Plaintiff's Original Petition, (ii) Defendants' intent to file a 12 (b) (6) Motion to Dismiss, and (iii) Plaintiff's opportunity to amend his Petition.

On **May 28, 2024**, Defense counsel sent an e-mail to Plaintiff confirming his receipt of Defendants' letter explaining Defendants' intent to file a Motion to Dismiss under Federal Rule of Civil Procedure 12 (b) (6).

On **May 29, 2024**, Plaintiff acknowledged receipt of Defendants' letter. Defendants have complied with the Court's Standing Order on Federal Rule of Civil Procedure 12 (b) (6) Motion to Dismiss. *See* ECF Doc. 11.00. As of this date, Plaintiff has not amended his Petition.

Certified to this 23rd day of July, 2024.

*/S/ DANIEL M. KARP*

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 25th day of July 2024, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

**Via ECF:**
Mody Said
2602 Tuscarora Trail
Glenn Heights, TX 75154
214-727-0193
Modyomar81@gmail.com
***Pro Se Plaintiff***

*/S/ DANIEL M. KARP*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MODY SAID,                          §
                                    §
            Plaintiff,              §
                                    §
V.                                  §        No. 3:24-cv-728-X-BN
                                    §
EAN HOLDINGS LLC dba                §
ENTERPRISE CAR RENTAL CO.,          §
ET AL.,                             §
                                    §
            Defendants.             §

## ORDER REQUIRING RULE 26(f) REPORT AND REGARDING SANCTIONS

Plaintiff Mody Said filed this lawsuit *pro se* in a Dallas County state court, alleging claims of negligence against Defendants EAN Holdings, LLC dba Enterprise Car Rental Co. and ELCO Administrative Services Company dba Rental Claims Services, and Defendants removed Said's lawsuit to federal court, invoking diversity jurisdiction. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On March 29, 2024, the Court ordered the parties to meet and confer in person, over the telephone, or through videoconferencing not later than April 15, 2024 to jointly prepare a report under Federal Rule of Civil Procedure 26(f) and to file a joint Rule 26(f) report by April 22, 2024, and the Court warned the parties "that failing to comply with any part of this order may result in the imposition of sanctions." Dkt. No. 9 (citing, as to sanctions, FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)).

**Attachment A**

On April 23, 2024, Defendants filed a report, providing their views and explaining that, dispute the efforts of their counsel to obtain cooperation from Said, Said chose not to follow the Court's order to meet and confer to prepare a joint Rule 26(f) report. *See* Dkt. No. 14 (attaching the parties' email correspondence).

On April 25, 2024, the Court therefore ordered Said to file, by May 10, 2024, a response to show cause why sanctions should not be imposed for failing to follow an order of the Court. *See* Dkt. No. 25.

The next day, Said moved to remand the lawsuit to state court. *See* Dkt. No. 16. The undersigned recommended that the Court deny the motion on May 1, 2024. *See* Dkt. No. 20. And Said responded to the show cause order on May 9, 2024, citing his motion to remand and his belief that the Court lacks subject matter jurisdiction as reasons for the Court to not enter sanctions against him for defying an order of the Court. *See* Dkt. No. 21.

Although Judge Starr has not ruled on the undersigned's recommendation that the motion to remand be denied, Said's reasons do not excuse him from complying with court orders.

That is, a belief that a federal court may not have subject matter jurisdiction over your lawsuit – even if you are correct – does not mean that you can elect not to comply with orders of the federal court while the case is pending here. This reality is reflected by settled authority that a federal court retains jurisdiction to sanction a litigant even after a case is dismissed for lack of subject matter jurisdiction.

As the United States Court of Appeals for the Fifth Circuit recently put it,

**Attachment A**

the district court had jurisdiction to sanction the [plaintiffs] despite the general absence of subject matter jurisdiction. Even after a court dismisses a case, it retains authority to sanction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (upholding a Rule 11 award following dismissal for lack of subject matter jurisdiction); *cf. Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394-95 (5th Cir. 2020) (citing cases describing a district court's broad power to award attorneys' fees even when an action is no longer pending). In fact, "regardless of a court's ability to hear the merits of a suit, it possesses the power to sanction a noncompliant party that stands before it." *DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) (citations omitted). If the law were otherwise, a court would be powerless to punish misconduct, however extreme, in a case filed in federal court despite a lack of subject matter jurisdiction.

*Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. 2021) (per curiam).

The Court therefore ORDERS Plaintiff Mody Said to meet and confer with counsel for Defendants by **May 21, 2024** to jointly prepare a Rule 26(f). Defendants' counsel shall file the joint report on behalf of the parties by **May 28, 2024** or alternatively file (by **May 22, 2024**) a notice informing the Court that Said elected to again defy a court order.

SO ORDERED.

DATE: May 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 3 -

**Attachment A**



**Fee, Smith & Sharp LLP**

Texas Trial Attorneys

Dallas   Austin   Houston

Three Galleria Tower   13155 Noel Road   Suite 1000   Dallas, TX 75240   P 972-934-9100   F 972-934-9200
877-FEESMITH   FeeSmith.com

**Michael A. Heibel**                                    _mheibel@feesmith.com_
*214-451-5846 Direct Dial*


May 21, 2024


**_Via Certified Mail and USPS_**
Mr. Mody Said
2602 Tuscarora Trail
Glenn Heights TX 75154

<div style="margin-left:2em">

Re:   Cause No. 3:24-cv-00728-X-BN; *Mody Said v. Renter for the Enterprise Car Rental Co., EAN Holdings LLC dba Enterprise Car Rental Co., and ELCO Administrative Services Company dba Rental Claims Services;* In United States District Court, Dallas Division, Texas
Our File No.:  EAN.17429

</div>

Dear Mr. Mody Said:

    Thank you for your call yesterday afternoon. As discussed, I will be filing a 12(b)(6) Motion to Dismiss your lawsuit for failure to state a claim upon which relief may be granted.

    As you know, you do not have any valid cause of action against the Defendants, EAN Holdings LLC dba Enterprise Car Rental Co. ("EAN Holdings), and ELCO Administrative Services Company dba Rental Claims Services ("ELCO").

    In Plaintiff's Original Petition filed on March 01, 2024, you did not state a claim against Defendants, EAN Holdings and ELCO, upon which relief may be granted.

    Your Petition is not clear on whether you are making negligence-based claims or breach of contract claims against Defendants.

    If you have filed alleged negligence-based claims against Defendants, EAN Holdings and ELCO, you have not referred to any specific allegations of a breach of the standard of care committed by EAN Holdings and ELCO that proximately caused you harm. Instead, you have only referred to the acts of omissions of a Nonparty, Renter for Enterprise Car Rental Co., to hold Defendants liable.

    There are no viable claims against Defendants and therefore the claims should be dismissed as a matter of law.

# Attachment B

May 21, 2024
Page 2

      As shown in the Court's Standing Order on Federal Rule of Civil Procedure 12 (b) (6), you have seven (7) days from receipt of the written letter to file an Advisory of intent with the Court that you intend to amend your pleading with a copy of this letter attached. Secondly, you must then file your amended pleading within seven (7) days of the filing date of the Advisory.

      I will be sending you a draft of Defendants' Motion to Dismiss for your review shortly.

                  Very truly yours,

                  **FEE, SMITH & SHARP, LLP**

                  */s/ Michael A. Heibel*
                  **MICHAEL A. HEIBEL**
                  Associate Attorney

MAH:smd

**Attachment B**

9214 8969 0099 9790 1215 4669 16

$0.640

$4.40

$2.32

$0.00

$7.360

Electronic Return Receipt Requested

Mody Said
Mody Said
2602 Tuscarora Trail
Glenn Heights, TX 75154

5/21/2024   9:39:40AM

File: EAN.17429



9214 8969 0099 9790 1215 4669 16

Mody Said
Mody Said
2602 Tuscarora Trail
Glenn Heights, TX 75154

Batch #:    9
Article #:   9214896900997901215466916
Date/Time:   5/21/2024   9:39:40AM

File: EAN.17429
Internal File #:
Internal Code:

**Attachment B**

## Shannon M. Davis

| | |
|---|---|
| **From:** | Michael A. Heibel |
| **Sent:** | Tuesday, May 28, 2024 11:53 AM |
| **To:** | Mody Said |
| **Cc:** | Shannon M. Davis; Jordyn Steer; Daniel M. Karp; Sheila A. Daniel |
| **Subject:** | RE: [External] Plaintiff's Response To Court's Order To Show Cause |
| **Attachments:** | 2024-05-21 - Letter to Plaintiff re 12 (b) (6) Motion (via CMRRR & Regular Mail).pdf |
| | |
| **Importance:** | High |

Mr. Said:

Thank you for your confirmation.

I will be filing the Rule 26 (f) Report today.

Secondly, have you received the attached letter I sent to your home address last week regarding Defendants' Motion to Dismiss?

## Michael A. Heibel
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Friday, May 24, 2024 11:03 AM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

## Attachment C

Yes, I approve.

On Thu, May 23, 2024, 3:59 PM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Mody Said:

I have revised the Supplemental Rule 26 (f) Report to the following on Page 4, 8 (c ):

c. **During Rule 26 (f) conference, Plaintiff alluded to complying with the Court Order simply for the sake of complying. At numerous instances,  Plaintiff has asserted that the said court lacks subject-matter jurisdiction to adjudicate the case. Lack of diversity of citizenship between opposing parties, as conferred by the federal statute- Plaintiff and Defendants existing in the same state of Texas, the state of citizenship. Worded differently to mean the same thing, Defendants operate rental car services, specifically, Enterprise rent a car, that is apparent to most throughout the state of Texas. This fact, in addition to Plaintiff being a citizen of Texas, deprived the court the required diversity of citizenship to adjudicate the case.  At this point, Plaintiff objects and continues to reiterate the provision afforded to him under the 28 USC 1447 (c). The civil case needs to be remanded to the state court, the court with proper jurisdiction to adjudicate.**

Please let me know if you approve of the following changes by tomorrow. I want to get this filed ahead of next week.

If I do not hear from you before Tuesday, May 28, 2024, I will file this Supplemental Rule 26 (f) report as is.

**Attachment C**

My deadline to file is Tuesday, May 28, 2024.

**Michael A. Heibel**
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Wednesday, May 22, 2024 11:32 AM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

Retracting some words in the beginning of line 8, to the following new words, "Worded differently to mean the same thing, Defendants operate…"

You may elect to quote my repossnse to the report.

3

**Attachment C**

Thank you.


On Wed, May 22, 2024, 11:12 AM Mody Said <modyomar81@gmail.com> wrote:

Greetings,


During our earlier telephone conversation I alluded to complying to the court order simply for the sake of complying. At numerous instances, I have asserted that the said court lacks subject-matter jurisdiction to adjudicate the case. Lack of diversity of citizenship between opposing parties, as conferred by the federal statute- Plaintiff and Defendants existing in the same state of Texas, the state of citizenship. Stated differently, Defendants operate rental car services, specifically, Enterprise rent a car, that is apparent to most throughout the state of Texas. This fact, in addition to Plaintiff being a citizen of Texas, deprived the court the required diversity of citizenship to adjudicate the case. At this point I object and continue to reiterate the provision afforded to me under the 28 USC 1447 (c). The civil case needs to be remanded to the state court, the court with proper jurisdiction to adjudicate.


On Mon, May 20, 2024, 10:50 AM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Said:


I have reviewed your most recent objections to the Court.


Although you are objecting to jurisdiction, we still need to meet to comply with the Court's Order.


For the next two days, I am available to speak any time before 6:00 pm at the number below.


We need to speak **before the end of Tuesday, May 21, 2024.**


I then need to prepare our joint report ahead of May 28, 2024.

4

**Attachment C**

Attached is my prior report. Please review and let me know if you have any objections to the discovery plan.

When will you be available?

I am going to call you at around 12:00 pm today if I do not hear from you.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Thursday, May 16, 2024 7:49 PM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

Greetings,

**Attachment C**

Here is my objection to the Federal Court's findings and conclusions. It is unfortunate, regarding next week. I will not be able to be of any assistance when it comes to that. I had 14 days to respond. That part I will not yield to you or the court that lacks some sense. I am available over the weekends, and next week. Whether you are aware or not, the Federal Court lacks jurisdiction, and intend over the next few days, to kick start the original lawsuit at the state court with proper jurisdiction, and no short comings.

Thank you

On Tue, May 14, 2024 at 10:17 AM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Said:

Please see that the Court has ordered that we speak ahead of **Tuesday, May 21, 2024** regarding the Rule 26 (f) conference.

We will need to discuss the following:  (a) the nature and basis of their claims and defenses; (b) the possibilities for a prompt settlement or resolution of the case; (c) a proposed discovery plan; (d) the retention and preservation of electronically stored information, including the need for a protective order.

I am available tomorrow, Wednesday, May 15, 2024, and also Thursday, May 16, 2024 in the afternoon.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

6

**Attachment C**

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Michael A. Heibel
**Sent:** Friday, May 10, 2024 10:28 AM
**To:** Mody Said <modyomar81@gmail.com>; Daniel M. Karp <dkarp@feesmith.com>
**Cc:** Shannon M. Davis <sdavis@feesmith.com>; Jordyn Steer <jsteer@feesmith.com>
**Subject:** RE: [External] Plaintiff's Response To Court's Order To Show Cause

Thank you.

I look forward to discussing this case with you.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**Attachment C**

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Thursday, May 9, 2024 11:23 PM
**To:** Daniel M. Karp <dkarp@feesmith.com>; Michael A. Heibel <mheibel@feesmith.com>
**Subject:** [External] Plaintiff's Response To Court's Order To Show Cause


Greetings,


Filed today earlier with the federal court. I should definitely get in touch via videophone (personal zoom account) probably in a couple of weeks. I still have one court order to respond to.


Thank you

**Attachment C**



**FS&S**

**Fee, Smith & Sharp LLP**

Texas Trial Attorneys

Dallas   Austin   Houston

Three Galleria Tower   13155 Noel Road   Suite 1000   Dallas, TX 75240   P 972-934-9100   F 972-934-9200
877-FEESMITH   FeeSmith.com

**Michael A. Heibel**                                           _mheibel@feesmith.com_
*214-451-5846 Direct Dial*

May 21, 2024

**_Via Certified Mail and USPS_**
Mr. Mody Said
2602 Tuscarora Trail
Glenn Heights TX 75154

> Re:    Cause No. 3:24-cv-00728-X-BN; *Mody Said v. Renter for the Enterprise Car Rental*
> *Co., EAN Holdings LLC dba Enterprise Car Rental Co., and ELCO Administrative*
> *Services Company dba Rental Claims Services;* In United States District Court,
> Dallas Division, Texas
> Our File No.:  EAN.17429

Dear Mr. Mody Said:

Thank you for your call yesterday afternoon. As discussed, I will be filing a 12(b)(6) Motion to Dismiss your lawsuit for failure to state a claim upon which relief may be granted.

As you know, you do not have any valid cause of action against the Defendants, EAN Holdings LLC dba Enterprise Car Rental Co. ("EAN Holdings), and ELCO Administrative Services Company dba Rental Claims Services ("ELCO").

In Plaintiff's Original Petition filed on March 01, 2024, you did not state a claim against Defendants, EAN Holdings and ELCO, upon which relief may be granted.

Your Petition is not clear on whether you are making negligence-based claims or breach of contract claims against Defendants.

If you have filed alleged negligence-based claims against Defendants, EAN Holdings and ELCO, you have not referred to any specific allegations of a breach of the standard of care committed by EAN Holdings and ELCO that proximately caused you harm. Instead, you have only referred to the acts of omissions of a Nonparty, Renter for Enterprise Car Rental Co., to hold Defendants liable.

There are no viable claims against Defendants and therefore the claims should be dismissed as a matter of law.

## Attachment C

May 21, 2024
Page 2

     As shown in the Court's Standing Order on Federal Rule of Civil Procedure 12 (b) (6), you have seven (7) days from receipt of the written letter to file an Advisory of intent with the Court that you intend to amend your pleading with a copy of this letter attached. Secondly, you must then file your amended pleading within seven (7) days of the filing date of the Advisory.

     I will be sending you a draft of Defendants' Motion to Dismiss for your review shortly.

     Very truly yours,

     **FEE, SMITH & SHARP, LLP**

     */s/ Michael A. Heibel*
     **MICHAEL A. HEIBEL**
     Associate Attorney

MAH:smd

**Attachment C**

9214 8969 0099 9790 1215 4669 16

$0.640

$4.40

$2.32

$0.00

$7.360

Electronic Return Receipt Requested

**Mody Said**
**Mody Said**
**2602 Tuscarora Trail**
**Glenn Heights, TX 75154**

5/21/2024  9:39:40AM

File: EAN.17429



9214 8969 0099 9790 1215 4669 16

**Mody Said**
**Mody Said**
**2602 Tuscarora Trail**
**Glenn Heights, TX 75154**

**Batch #:    9**
**Article #:    92148969009979012154669 16**
**Date/Time:    5/21/2024  9:39:40AM**

**File: EAN.17429**
**Internal File #:**
**Internal Code:**

**Attachment C**



**Fee, Smith & Sharp LLP**

Texas Trial Attorneys

Dallas   Austin   Houston

Three Galleria Tower   13155 Noel Road   Suite 1000   Dallas, TX 75240   P 972-934-9100   F 972-934-9200
877-FEESMITH   FeeSmith.com

**Michael A. Heibel**                                                                    *mheibel@feesmith.com*
*214-451-5846 Direct Dial*

May 21, 2024

<u>**Via Certified Mail and USPS**</u>
Mr. Mody Said
2602 Tuscarora Trail
Glenn Heights TX 75154

      Re:    Cause No. 3:24-cv-00728-X-BN; *Mody Said v. Renter for the Enterprise Car Rental*
               *Co., EAN Holdings LLC dba Enterprise Car Rental Co., and ELCO Administrative*
               *Services Company dba Rental Claims Services;* In United States District Court,
               Dallas Division, Texas
               Our File No.:  EAN.17429

Dear Mr. Mody Said:

      Thank you for your call yesterday afternoon. As discussed, I will be filing a 12(b)(6) Motion to Dismiss your lawsuit for failure to state a claim upon which relief may be granted.

      As you know, you do not have any valid cause of action against the Defendants, EAN Holdings LLC dba Enterprise Car Rental Co. ("EAN Holdings), and ELCO Administrative Services Company dba Rental Claims Services ("ELCO").

      In Plaintiff's Original Petition filed on March 01, 2024, you did not state a claim against Defendants, EAN Holdings and ELCO, upon which relief may be granted.

      Your Petition is not clear on whether you are making negligence-based claims or breach of contract claims against Defendants.

      If you have filed alleged negligence-based claims against Defendants, EAN Holdings and ELCO, you have not referred to any specific allegations of a breach of the standard of care committed by EAN Holdings and ELCO that proximately caused you harm. Instead, you have only referred to the acts of omissions of a Nonparty, Renter for Enterprise Car Rental Co., to hold Defendants liable.

      There are no viable claims against Defendants and therefore the claims should be dismissed as a matter of law.

**Attachment D**

May 21, 2024
Page 2

       As shown in the Court's Standing Order on Federal Rule of Civil Procedure 12 (b) (6), you have seven (7) days from receipt of the written letter to file an Advisory of intent with the Court that you intend to amend your pleading with a copy of this letter attached. Secondly, you must then file your amended pleading within seven (7) days of the filing date of the Advisory.

       I will be sending you a draft of Defendants' Motion to Dismiss for your review shortly.

            Very truly yours,

            **FEE, SMITH & SHARP, LLP**


            */s/ Michael A. Heibel*
            **MICHAEL A. HEIBEL**
            Associate Attorney

MAH:smd

**Attachment D**

9214 8969 0099 9790 1215 4669 16

$0.640

$4.40

$2.32

$0.00

$7.360

Electronic Return Receipt Requested

**Mody Said**
**Mody Said**
**2602 Tuscarora Trail**
**Glenn Heights, TX 75154**

5/21/2024   9:39:40AM

File: EAN.17429



9214 8969 0099 9790 1215 4669 16

**Mody Said**
**Mody Said**
**2602 Tuscarora Trail**
**Glenn Heights, TX 75154**

**Batch #:    9**
**Article #:   9214896900997901215466916**
**Date/Time:   5/21/2024   9:39:40AM**

**File: EAN.17429**
**Internal File #:**
**Internal Code:**

**Attachment D**

**Shannon M. Davis**

| | |
|---|---|
| **From:** | Michael A. Heibel |
| **Sent:** | Monday, July 22, 2024 3:30 PM |
| **To:** | Shannon M. Davis |
| **Subject:** | FW: [External] Plaintiff's Response To Court's Order To Show Cause |
| **Attachments:** | Supplemental Rule 26 (f) Report Rev 05.23.2024.doc; 2024-05-21 - Letter to Plaintiff re 12 (b) (6) Motion (via CMRRR & Regular Mail).pdf |

Can you somehow save this email again as Motion to Dismiss Attachment C to file with Motion.

**Michael A. Heibel**
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Michael A. Heibel
**Sent:** Tuesday, May 28, 2024 12:01 PM
**To:** Mody Said <modyomar81@gmail.com>
**Cc:** Jordyn Steer <jsteer@feesmith.com>; Shannon M. Davis <sdavis@feesmith.com>; Daniel M. Karp <dkarp@feesmith.com>
**Subject:** RE: [External] Plaintiff's Response To Court's Order To Show Cause

Please check your mailbox this week for the letter regarding Defendants' Motion.

Thank you.

# Attachment D

**Michael A. Heibel**
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Tuesday, May 28, 2024 11:58 AM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

No, I did not. What I received was regarding rule 26 (f) filing.

On Tue, May 28, 2024, 11:53 AM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Said:

Thank you for your confirmation.

I will be filing the Rule 26 (f) Report today.

Secondly, have you received the attached letter I sent to your home address last week regarding  Defendants' Motion to Dismiss?

**Attachment D**

**Michael A. Heibel**
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Friday, May 24, 2024 11:03 AM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

Yes, I approve.

On Thu, May 23, 2024, 3:59 PM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Mody Said:

I have revised the Supplemental Rule 26 (f) Report to the following on Page 4, 8 (c ):

    c.  **During Rule 26 (f) conference, Plaintiff alluded to complying with the Court**

          **Order simply for the sake of complying. At numerous instances,  Plaintiff has**

**Attachment D**

**asserted that the said court lacks subject-matter jurisdiction to adjudicate the case. Lack of diversity of citizenship between opposing parties, as conferred by the federal statute- Plaintiff and Defendants existing in the same state of Texas, the state of citizenship. Worded differently to mean the same thing, Defendants operate rental car services, specifically, Enterprise rent a car, that is apparent to most throughout the state of Texas. This fact, in addition to Plaintiff being a citizen of Texas, deprived the court the required diversity of citizenship to adjudicate the case.  At this point, Plaintiff objects and continues to reiterate the provision afforded to him under the 28 USC 1447 (c). The civil case needs to be remanded to the state court, the court with proper jurisdiction to adjudicate.**

Please let me know if you approve of the following changes by tomorrow. I want to get this filed ahead of next week.

If I do not hear from you before Tuesday, May 28, 2024, I will file this Supplemental Rule 26 (f) report as is.

My deadline to file is Tuesday, May 28, 2024.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240

4

**Attachment D**

P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Wednesday, May 22, 2024 11:32 AM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

Retracting some words in the beginning of line 8, to the following new words, "Worded differently to mean the same thing, Defendants operate..."

You may elect to quote my reposnse to the report.

Thank you.

On Wed, May 22, 2024, 11:12 AM Mody Said <modyomar81@gmail.com> wrote:

Greetings,

During our earlier telephone conversation I alluded to complying to the court order simply for the sake of complying. At numerous instances,  I have asserted that the said court lacks subject-matter jurisdiction to adjudicate the case. Lack of diversity of citizenship between opposing parties, as conferred by the federal statute- Plaintiff and Defendants existing in the same state of Texas, the state of citizenship. Stated differently, Defendants operate rental car services, specifically, Enterprise rent a car, that is apparent to most throughout the state of Texas. This fact, in addition to Plaintiff being a

5

**Attachment D**

citizen of Texas, deprived the court the required diversity of citizenship to adjudicate the case. At this point I object and continue to reiterate the provision afforded to me under the 28 USC 1447 (c). The civil case needs to be remanded to the state court, the court with proper jurisdiction to adjudicate.

On Mon, May 20, 2024, 10:50 AM Michael A. Heibel <mheibel@feesmith.com> wrote:

Mr. Said:

I have reviewed your most recent objections to the Court.

Although you are objecting to jurisdiction, we still need to meet to comply with the Court's Order.

For the next two days, I am available to speak any time before 6:00 pm at the number below.

We need to speak **before the end of Tuesday, May 21, 2024.**

I then need to prepare our joint report ahead of May 28, 2024.

Attached is my prior report. Please review and let me know if you have any objections to the discovery plan.

When will you be available?

I am going to call you at around 12:00 pm today if I do not hear from you.

**Michael A. Heibel**
Associate

**Attachment D**

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Thursday, May 16, 2024 7:49 PM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Re: [External] Plaintiff's Response To Court's Order To Show Cause

Greetings,

Here is my objection to the Federal Court's findings and conclusions. It is unfortunate, regarding next week. I will not be able to be of any assistance when it comes to that. I had 14 days to respond. That part I will not yield to you or the court that lacks some sense. I am available over the weekends, and next week. Whether you are aware or not, the Federal Court lacks jurisdiction, and intend over the next few days, to kick start the original lawsuit at the state court with proper jurisdiction, and no short comings.

Thank you

On Tue, May 14, 2024 at 10:17 AM Michael A. Heibel <mheibel@feesmith.com> wrote:

   Mr. Said:

**Attachment D**

Please see that the Court has ordered that we speak ahead of **Tuesday, May 21, 2024** regarding the Rule 26 (f) conference.

We will need to discuss the following:  (a) the nature and basis of their claims and defenses; (b) the possibilities for a prompt settlement or resolution of the case; (c) a proposed discovery plan; (d) the retention and preservation of electronically stored information, including the need for a protective order.

I am available tomorrow, Wednesday, May 15, 2024, and also Thursday, May 16, 2024 in the afternoon.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Michael A. Heibel
**Sent:** Friday, May 10, 2024 10:28 AM
**To:** Mody Said <modyomar81@gmail.com>; Daniel M. Karp <dkarp@feesmith.com>
**Cc:** Shannon M. Davis <sdavis@feesmith.com>; Jordyn Steer <jsteer@feesmith.com>
**Subject:** RE: [External] Plaintiff's Response To Court's Order To Show Cause

Thank you.

**Attachment D**

I look forward to discussing this case with you.

**Michael A. Heibel**
Associate

Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Thursday, May 9, 2024 11:23 PM
**To:** Daniel M. Karp <dkarp@feesmith.com>; Michael A. Heibel <mheibel@feesmith.com>
**Subject:** [External] Plaintiff's Response To Court's Order To Show Cause

Greetings,

Filed today earlier with the federal court. I should definitely get in touch via videophone (personal zoom account) probably in a couple of weeks. I still have one court order to respond to.

Thank you

# Attachment D

EAN.17429

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MODY SAID, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NUMBER 3:24-CV-00728 |
| | § | |
| (1) EAN HOLDINGS LLC dba | § | JURY DEAMND |
| ENTERPRISE CAR RENTAL CO.; | § | |
| and | § | |
| (2) ELCO ADMINISTRATIVE | § | |
| SERVICES COMPANY dba RENTAL | § | |
| CLAIMS SERVICES, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## JOINT PROPOSAL FOR CONTENTS
## OF SCHEDULING AND DISCOVERY ORDER

| | |
|---|---|
| Proposed Date to Complete Discovery | **January 20, 2025** |
| Proposed Trial Date, including the number of trial days and whether a jury has been demanded | Date: **May 05, 2025** <br> Number of Trial Days**: 2 days** <br> Jury/Bench: **A Jury trial has been demanded.** |
| Proposed Motion Deadline | **April 5, 2025** |
| Proposed Deadline to file motions for leave to join other parties | **September 5, 2024** |
| Proposed Deadline asserting new claims or defenses: | **January 05, 2025** |
| Proposed Deadline to file motions for leave to amend the pleadings | **March 21, 2025** |
| Proposed Deadline to Designate Expert Witnesses (including rebuttal experts) | Plaintiff's Deadline: **January 05, 2025** <br> Defendant's Deadline: **February 04, 2025** |
| Proposed Deadline to commence settlement negotiations | **April 05, 2025** |

1

**Attachment D**

1. Status report explaining progress made at the meeting and present status of settlement negotiations: *In a non-jury case, the parties shall not disclose settlement figures. Comments.*

    a. **On May 20, 2024, the Parties spoke over telephone and discussed settlement and the contents of the Rule 26 (f) report. The Plaintiff is open to settling this case if the case is remanded back to State court.**

2. Advisability of referring the case for mediation: *Comments.*

    a. **Both Parties recommend this case be mediated.**

3. Do the parties consent to trial (jury or non-jury) before a United States Magistrate Judge?[1] *Y/N.*

    a. **Yes.**

4. Proposed plan and schedule for discovery: *Comments.*

    a. **See proposed discovery plan and schedule above.**

    b. **The Parties request a Spring 2025 trial date with a Plaintiff's expert designation deadline one hundred and twenty (120) days before and Defendants' expert designation deadline ninety (90) days before trial.**

---

[1] Before responding to this question, counsels are directed to carefully review the provisions of 28 U.S.C. § 636(c) and, specifically, section 636(c)(3).

2

**Attachment D**

5. Proposed limitations on discovery, if any: *Comments.*

    **a. The Parties request that discovery should be limited by the Texas Rules of Civil Procedure.**

    **b. The Parties request that interrogatories to each Party be limited to 25 interrogatories including all subparts to each Party.**

    **c. Defendants request that the Parties be limited to 36 requests for admission to each Party.**

    **d. The Parties request that the discovery period end on January 20, 2025, at least 105 days before trial.**

6. Other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule: *Comments.*

    **a. The Parties prefer a discovery level 2 or discovery level 3 control plan.**

7. Are the parties considering mediation or arbitration to resolve this litigation, and if not, why not?[2] *Y/N and comments.*

    **a. The Parties prefer mediation in resolving this dispute.**

8. Other matters relevant to the status and disposition of this case: *Comments.*]

    **a. At this time, Plaintiff has issues with the Federal Court's jurisdiction of this case.**

---

[2] The Court encourages the early use of mediation or arbitration.

3

**Attachment D**

b. **Defendants argue that they have properly removed this action to Federal Court. The Court has diversity jurisdiction of this matter as all Defendants are out of State defendants and the amount in controversy exceeds $75,000.00.**

c. **During Rule 26 (f) conference, Plaintiff alluded to complying with the Court Order simply for the sake of complying. At numerous instances, Plaintiff has asserted that the said court lacks subject-matter jurisdiction to adjudicate the case. Lack of diversity of citizenship between opposing parties, as conferred by the federal statute- Plaintiff and Defendants existing in the same state of Texas, the state of citizenship. Worded differently to mean the same thing, Defendants operate rental car services, specifically, Enterprise rent a car, that is apparent to most throughout the state of Texas. This fact, in addition to Plaintiff being a citizen of Texas, deprived the court the required diversity of citizenship to adjudicate the case. At this point, Plaintiff objects and continues to reiterate the provision afforded to him under the 28 USC 1447 (c). The civil case needs to be remanded to the state court, the court with proper jurisdiction to adjudicate.**

d. **Plaintiff further argues that there are procedural defects with the Defendants' notice of removal.**

4

**Attachment D**

e.  **Defendants seek to dismiss Plaintiff's claims under a Motion to Dismiss under Texas Rule of Civil Procedure 12 (b) (6) for failure to state a claim upon which relief may be granted.**

f.  **During the Rule 26 (f) conference on May 20, 2024, Defendants' counsel explained the defects in Plaintiff's Original Petition over the telephone.**

g.  **On May 21, 2024, Defendants sent Plaintiff a letter by certified mail and USPS again explaining the defects in Plaintiff's Original Petition and providing him with an opportunity to file a notice to amend within seven days from the receipt of the letter.**

h.  **Defendants have provided Plaintiff with its initial disclosures on April 29, 2024.**

i.  **Plaintiff plans to provide its initial disclosures within 14 days of this report on June 11, 2024.**

**Attachment D**

## Shannon M. Davis

| | |
|---|---|
| **From:** | Michael A. Heibel |
| **Sent:** | Monday, July 22, 2024 3:31 PM |
| **To:** | Shannon M. Davis |
| **Subject:** | FW: Fwd: [External] DC – 24 – 03222 – Improperly Closed Case. |

Can you somehow save this email again as Motion to Dismiss Attachment D as well to file with Motion.

EAN.17429

## Michael A. Heibel
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Michael A. Heibel
**Sent:** Wednesday, May 29, 2024 4:55 PM
**To:** Mody Said <modyomar81@gmail.com>
**Cc:** Daniel M. Karp <dkarp@feesmith.com>; Shannon M. Davis <sdavis@feesmith.com>; Jordyn Steer <jsteer@feesmith.com>; Sheila A. Daniel <sdaniel@feesmith.com>
**Subject:** RE: Fwd: [External] DC – 24 – 03222 – Improperly Closed Case.

Mr. Said:

The Federal Court is the Court that needs to remand your case back to State Court.

I am available to speak anytime tomorrow about this case.

# Attachment E

**Michael A. Heibel**
Associate



Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
P  214-451-5846
F  972-934-9200
www.feesmith.com

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

**From:** Mody Said <modyomar81@gmail.com>
**Sent:** Wednesday, May 29, 2024 12:47 PM
**To:** Michael A. Heibel <mheibel@feesmith.com>
**Subject:** Fwd: [External] DC - 24 - 03222 - Improperly Closed Case.

I intend to file a motion to reopen the case with the state court, for the above reasons. I would like to do a telephone conference over this, because a hearing might follow after the court filing. Let me know when we might do the conference call. It should be very brief.


Thank you.

Mody Said
2602 Tuscarora Trail
Glenn Heights,  TX 75154.
214-727-0193.
modyomar81@gmail.com


---------- Forwarded message ---------
From: **Mody Said** <modyomar81@gmail.com>
Date: Wed, May 29, 2024, 12:21 PM
Subject: DC - 24 - 03222 - Improperly Closed Case.
To: <stownsend@dallascourts.org>


Greetings,

**Attachment E**

The above civil case was assigned to the 116th judicial district court. The district court has personal jurisdiction over all of the defendants at the time of the court filing. Defendants elected to remove the case to the federal court, before challenging or objecting to the state court's personal jurisdiction over the case through a court filing. In any event, the removal itself was improper. Only one vague notice of removal was filed with the state court, that does not account for each of the defendants, to warrant the entire case to be CLOSED. Three notices of removal were ought to have been filed with the state court, in addition to defendants challenging the state court's personal jurisdiction over the defendants through a court filing.

With that in mind, I ask the state court to reopen the civil case because of the aforementioned reasons: (i) 116th court has personal jurisdiction over the case. (ii) Since (i) is correct, the federal court will undoubtedly lack jurisdiction to adjudicate the case; plaintiff and defendants either reside or do business in the state of Texas. Federal courts have jurisdiction over cases between parties, who are either residing or doing business in different states. (iii) Removal itself was improper. Only one vague notice of removal was filed with the state court that does not properly account for each of the defendants. The state court was supposed to have received three notices of removal, in addition to lacking personal jurisdiction over the case before closing it. I ask for the 116th judicial district court to reopen the case due to the above given reasons.

Thank you.

Mody Said
2602 Tuscarora Trail
Glenn Heights, TX 75154.
214 - 727 - 0193.
modyomar81@gmail.com.

3
**Attachment E**