IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MODY SAID,<br>    Plaintiff,<br><br>V.<br><br>EAN HOLDINGS, LLC DBA<br>ENTERPRISE CAR RENTAL CO,<br>ET AL.,<br>    Defendants. | §<br>§<br>§<br>§   No. 3:24-CV-728-BW<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

The case is before the undersigned United States magistrate judge for all proceedings, including the entry of judgment, under 28 U.S.C. § 636(b) and the consent of the parties. (*See* Dkt. Nos. 28, 31.) Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 27) (the "Motion" ("Mot.")), filed by Defendants EAN Holdings, LLC dba Enterprise Car Rental Co., and ELCO Administrative Services Company dba Rental Claims Services Texas. The Motion is accompanied by five supporting attachments, lettered Attachments ("Att.") A through E. (*See* Mot. at 15-51. )[1] Plaintiff Mody

---

[1] Defendants' attachments do not comply with N.D. Tex. L.R. 7.1(i), which provides that "[a] party who relies on materials . . . to support or oppose a motion must include the materials in an appendix." N.D. Tex. L.R. 7.1(i)(1). "The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief," and "must be numbered sequentially[.]" N.D. Tex. L.R. 7.1(i)(2),(4). Although the Court does not strike the attachments for failure to comply with local rules, *see Streat v. Hammond*, No. 3:07-CV-1882-P, 2009 WL 10678838, at *1 n.1 (N.D. Tex. Oct. 26, 2009), it points out the noncompliance to emphasize the importance of compliance and encourage counsel to follow this requirement in the future. The local rule's requirement "streamlines the resolution of motions by making it easier for the court to locate materials in appendices that

Said has not submitted a response. For the reasons stated below, the Court finds that the Motion (Dkt. No. 27) is **GRANTED**.

## I. BACKGROUND

On March 1, 2024, Said, proceeding pro se, filed a lawsuit against Defendants in the 116th Judicial District, Dallas County, Texas, asserting claims related to an automobile accident that occurred on August 13, 2022. (*See* Dkt. No. 1 at 7-24 ("Compl."); *see also* Mot. at 2.) The accident involved Said and a nonparty driver who was driving a vehicle owned by Defendant EAN, a rental car company operating under the trade name Enterprise Rent-A-Car. (*See id.*) The nonparty driver is not named as a defendant. (*See id.*) Defendants removed Said's lawsuit to this Court on March 27, 2024, on the basis of diversity jurisdiction. (*See* Dkt. No. 1 at 1-5.)

Thereafter, on March 29, 2024, the Court ordered the parties to meet and confer not later than April 15, 2024, to jointly prepare a report under Federal Rule of Civil Procedure 26(f) and to file a joint Rule 26(f) report by April 22, 2024. (*See* Dkt. No. 9.) The record reflects that Defendants served Rule 26(a) Initial Disclosures to Said on April 29, 2024. (*See* Dkt. No. 17.) Defendants assert that they disclosed the identity of the nonparty driver in their disclosures. (*See* Mot. at 4.) Defendants allege that Said failed to file his initial disclosures, thereby failing to "give

---

are relied on by the parties." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 8938266, at *6 n.10 (N.D. Tex. May 16, 2019).

2

Defendant[s] an idea of [Said's] claims and a rough value of his alleged damages." (*See id*.)

Said also failed to follow the Court's order to meet and confer, and on April 25, 2024, the Court ordered Said to file, by May 10, 2024, a response to show cause why sanctions should not be imposed for failing to follow an order of the Court. (*See* Dkt. No. 25.) The next day, Said moved to remand the lawsuit to state court (*see* Dkt. No. 16) and responded to the show cause order on May 9, 2024, citing his motion to remand and his belief that the Court lacked subject matter jurisdiction as reasons for the Court to not enter sanctions against him for defying an order of the Court. (*See* Dkt. No. 21.)

The Court again ordered Said to meet and confer with counsel for Defendants by May 21, 2024, to jointly prepare a Rule 26(f) report. (*See* Dkt. No. 23.) As the Court explained, a party's "belief that a federal court may not have subject matter jurisdiction over [his] lawsuit – even if [he is] correct – does not mean that [he] can elect not to comply with orders of the federal court while the case is pending [t]here." (Dkt. No. 23 at 2.)

Defendants assert that following the Court's show cause order, counsel for Defendants contacted Said on multiple occasions via mail and certified mail, as well as via telephone and email, and explained that his complaint failed to state a claim upon which relief could be granted; that Defendants "had no fair notice of [Said's] claims and his corresponding grounds of recovery"; and that Said's complaint was "not clear on whether he was making negligence-based claims or breach of contract

3

claims against Defendants ELCO and EAN." (*See* Mot. at 3; Att. B, C, D, E; *see also* Dkt. No. 25.)  Defendants assert that during these communications, they also advised Said of their intent to file a motion to dismiss and explained the impending deadline for amended pleadings. (*See* Mot. at 3 (citing Att. A, C, and D).)

Said eventually complied with the Court's order to meet and confer, and the parties submitted a joint 26(f) report on May 28, 2024, in which, among other things, they expressed their consent to conduct all further proceedings with a magistrate judge, including the entry of judgment. (*See* Dkt. No. 25.)  The Court issued an Initial Scheduling Order on June 14, 2024.  (Dkt. No. 26.)  The Initial Scheduling Order instructed Said regarding his obligations as a pro se litigant, including his obligation to read and follow the Court's local rules and the Federal Rules of Civil Procedure, as well as to "timely comply with any order issued by this Court."  (Dkt. No. 26 at ¶ 1.)  As provided in the Initial Scheduling Order (Dkt. No. 16), the deadline for filing motions for leave to amend or supplement pleadings was September 5, 2024.  (*See id.*)  On September 17, 2024, District Judge Brantley Starr accepted the Findings, Conclusions, and Recommendation of United States Magistrate Judge David L. Horan, and Said's motion to remand was denied.  (*See* Dkt. No. 29.)

On July 25, 2024, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6), arguing that Said failed to plead sufficient facts to show he had a viable cause of action against Defendants ELCO and EAN, pursuant to the Graves Amendment, 49 U.S.C. § 30106 and the Texas common law. (*See* Mot.)  Said's

response was due August 14, 2024, yet no response was filed. *See* N.D. Tex. L.R. 7.1(e) ("A response and brief to an opposed must be filed within 21 days from the date the motion is filed.") Despite Said having repeatedly failed to comply and timely respond to the Court's orders, the Court sua sponte extended Said's deadline to respond and ordered him to file a written response to the motion to dismiss no later than October 3, 2024. Again, no response was filed. Accordingly, the Court may consider the motion ripe and ready for determination. As noted above, the deadline for filing motions for leave to amend or supplement pleadings was September 5, 2024. (*See* Dkt. No. 26 at ¶ 1.) No such motions having been filed, Said's original state court petition, filed on March 1, 2024 (*see* Compl. at 7-24), is the operative complaint in this lawsuit.

## II.  LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts

with enough specificity "to raise a right to relief above the speculative level," *id*. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557 (cleaned up); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely,

6

and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (internal citations and quotations omitted).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his]

7

claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Fifth Circuit case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000) (recognizing that a district court may properly consider documents attached to a motion to dismiss if documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim) (internal quotes and citations omitted); *see also Morgan v. Texas Dep't of State Health Servs.*, No. 3:18-CV-02626-L, 2022 WL 256508, at *2 (N.D. Tex. Jan. 27, 2022); *Hearn v. Deutsche Bank Nat. Trust Co.*, No. 3:13-CV-2417-B, 2014 WL 4055473, at *4 n.3 (N.D. Tex. Aug. 15, 2014) (considering documents attached to a motion to dismiss as part of the pleadings only as long as they were central to the plaintiff's claim and referenced in the complaint) . "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Cigniti Techs. Inc. v. Govinsadamy*, No. 3:23-CV-2460-L, 2024 WL 4329021, at *5 (N.D. Tex. Aug. 7, 2024), *adopted by*, No. 3:23-CV-2460-L, 2024 WL 4360144 (N.D. Tex. Sept. 30, 2024) (citing *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)).

      A plaintiff may not amend his allegations through a response to a motion to dismiss, Fed. R. Civ. P. 8(a), but leave to amend must be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2).  One such reason is futility: "If the

complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

### III.  ANALYSIS

As noted above, Said and a nonparty driver were involved in an automobile accident on North Stemmons Freeway in Dallas, Texas, on August 13, 2022. (*See* Compl. at 7-24; Mot. at 2.)  The nonparty was driving a vehicle owned by Defendant EAN, a rental car company. (*See id*.)  According to Said, his lawsuit is "brought forth under the Texas Proportionate Laws," which provide that an "at-fault driver can be held liable for any damages and injuries they cause in a motor vehicle accident." (*See* Compl. ¶ 11-12.)  Said alleges that he was working as an Uber driver at the time of the accident and was "T-boned" by the nonparty driver. (*See id*. ¶ 13-14.)

Following the accident, Said filed an insurance claim with Defendant ELCO. (*Id*. ¶ 15.)  He alleges that Defendant ELCO "acknowledged responsibilities for the driver of their rental care being at-fault" and accepted liability by "send[ing] out an adjuster to [Said's] place of residence and apprais[ing] his damaged motor vehicle property." (*Id*.)  Said then alleges that ELCO "proceeded to not follow through with their pledge of liability for the motor vehicle accident forcing [him] to pursue legal action." (*Id*. ¶ 16.)  Said is suing "for total loss of his motor vehicle property, medical bills, loss of wages, charges associated with [his]'s rental vehicle, cost of

transportation to and from chiropractic therapy, pain and suffering, as well as permanent injuries as a result of the hideous automotive accident." (*Id.* ¶ 17.)

Defendants point to a number of deficiencies in Said's pleadings. (*See generally* Mot.) First, Defendants allege that Said "failed to amend his complaint to include the driver, which is the only person or entity subject to liability for the accident and damages at issue." (*See* Mot. at 3.) The Court agrees. Despite Defendants' disclosure of the driver's identity, Said has not asserted any cause of action of direct negligence against the driver. (*See id.* at 3-4.)

Based on his belief that the nonparty driver was at fault, Said's complaint sets forth the elements of a negligence claim, asserting that "Defendant, Renter for the Enterprise Rental Co." had a duty to "exercise the necessary care expected from a reasonably prudent motorist" and breached his duties, causing Said's injuries. (*See* Compl. at 7-10.) Thus, Said's complaint alleges that the nonparty driver was negligent but asserts no specific negligence allegations against Defendants. (*See id.*) Defendants respond that Said must sue the driver for negligence to have any viable claim against Defendants ELCO and EAN, and only then can he sue Defendants ELCO and EAN for negligent entrustment—provided that he can present facts or evidence to support such a claim. (*See id.*)

With respect to ELCO, Defendants argue that Said's only theory of liability is that ELCO accepted liability by sending an adjuster out to appraise his vehicle, but he has otherwise failed to assert a specific claim or cause of action against ELCO or otherwise provide any information regarding how ELCO could have caused Said's

10

damage.  (*See id*. at 3-4.)  With respect to EAN, Defendants argue that Said's complaint made no mention of EAN in his potential claims and only listed EAN in his "(II) Parties" section and "(III) Jurisdiction and Venue" section.  (*See id.* (citing Compl. ¶¶ 4-8).)  Therefore, argue Defendants, Said does not include any facts that could result in any liability on behalf of EAN, and no possible theories of liability are alleged against EAN.  (*See* Mot. at 3-4.)

Defendants further argue that the Graves Amendment, 49 U.S.C. § 30106, requires Said to show actual negligence on the part of Defendants EAN and ELCO, which his "bare and conclusory claims" fail to do.  (*See* Mot. at 1.)  Thus, conclude Defendants, Said's only possible theory of recovery against Defendant EAN would be a negligent entrustment claim.  (*See* Mot. at 7.)

The Graves Amendment specifically precludes liability on the part of a rental vehicle company merely because it owned and rented a vehicle involved in an accident.  49 U.S.C. § 30106.  The Graves Amendment provides that a lessor of a motor vehicle "shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease," so long as the lessor is "engaged in the trade or business of renting or leasing motor vehicles; and there is no negligence or criminal wrongdoing on the part of the owner[.]"  *Id*. § 30106(a).

While the Graves Amendment precludes a claim of indirect negligence on the part of a rental vehicle company, it does not preclude a direct negligence claim. *See Fuller v. Biggs, 532 F. Supp. 3d 371 (N.D. Tex. 2021)* ; *O'Donnell v. Diaz*, No. 3:17-CV-1922-S, 2019 WL 1115715, at *2 (N.D. Tex. Mar. 11, 2019); . As explained in *Fuller*, "the Graves Amendment extends preemption only to claims of vicarious liability, not to claims of direct negligence. Theories of direct liability do not fall within its ambit." *Fuller*, 532 F. Supp. 3d at 380. Because negligent entrustment is a "direct" theory of liability, it is not preempted by the Graves Amendment. *Id*. (citing *Bedford v. Moore*, 166 S.W.3d 454, 462 (Tex. App. – Ft. Worth 2005, no pet.); *see also O'Donnell v. Diaz*, No. 3:17-CV-1911, 2019 WL 1115715 (N.D. Tex. Mar. 11, 2019) at *2 (assuming without deciding that "the Graves Amendment does not preempt a negligent entrustment claim asserted directly against the lessor").

Under Texas law, the elements of a negligent entrustment claim are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Williams v. Parker*, 472 S.W.3d 467, 472 (Tex. App.—Waco 2015, no pet.) (citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex. 1985)).

As an initial matter, Said's complaint makes no mention of any of the elements of negligent entrustment. (*See* Compl. at 7-9.) But even a liberal construction of Said's complaint does not establish a facially plausible claim against

Defendants for negligent entrustment. *Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Although there is no dispute that Defendant EAN was the owner of the vehicle rented to the nonparty driver (*see* Mot. at 2), Said fails to set forth any facts as to the second and third elements. He does not allege any facts to suggest that the nonparty driver was unlicensed, incompetent, or reckless, or any facts to allege that Defendant EAN knew or should have known that the nonparty driver was unlicensed, incompetent, or reckless when it rented the vehicle. (*See* Compl. at 7-9.)

Therefore, despite Said's allegation that the nonparty driver's negligence caused the accident (*see id.*), his complaint does not allege that Defendant EAN negligently entrusted the vehicle to the driver involved in the accident. (*See id.*) Furthermore, Said has failed to include the driver as a party to this lawsuit, despite Defendants' disclosure of the driver's identity in their initial disclosures on April 29, 2024. (*See* Mot. at 4.) As such, Said has failed to establish a viable cause of action against the driver. Based on the foregoing, Said has failed to provide any factual support that would create a reasonable inference that EAN is liable for negligent entrustment.

With respect to Defendant ELCO, Said only makes a vague allegation that ELCO, as the claims administrator for EAN, "acknowledged responsibilities for the driver of the rental car being at-fault" when it sent out an adjuster to appraise his vehicle, and then failed to "follow through with [its] pledge of liability[.]" (*See*

13

Compl. at 5.) Based on these allegations, it is unclear what theory of liability Said seeks to impose against ELCO. Even if taken as true, the allegations in Said's complaint fail to give ELCO fair notice of the cause of action asserted against it.

To the extent Said seeks to assert a contract-based claim based on his allegation that ELCO failed to follow through with its "pledge of liability" (*see id.*), he fails to properly allege a breach of contract, or even the existence of a contract, which requires (1) an offer, (2) acceptance, and (3) consideration. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied). To determine whether there was an offer and acceptance, and therefore a "meeting of the minds," courts use an objective standard, considering what the parties did and said, not their subjective states of mind. *Id*.

Here, Said fails to allege the existence of a contract, breach of contract, and damages resulting from that breach. Instead, Said makes bare accusations that Defendant ELCO accepted liability by sending an adjuster out to appraise the damage and then did not follow through with its pledge of liability. (*See* Compl. at 5.) He fails to allege any sort of meeting of the minds to show offer and acceptance of any purported contract between Said and ELCO. (*See id.*) While Said's allegations need not be overly detailed, his complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).

14

Said's complaint fails to meet this standard with respect his claim that ELCO did not follow through on its pledge to accept liability.

Furthermore, the complaint (even construed liberally in Said's favor) does not demonstrate that Said has any reasonable likelihood of mustering factual support that Defendant EAN negligently entrusted the vehicle to the nonparty driver, or that could give rise to any direct negligence-based claims against Defendants ELCO and EAN.  Furthermore, the complaint does not demonstrate that Said has any reasonable likelihood of mustering factual support the existence of a contract between Said and Defendant ELCO, or any breach thereof.  Therefore, Said has failed to provide any factual support that would create a reasonable inference that Defendants EAN and ELCO are liable for Said's alleged damages.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 27) is **GRANTED**, and Said's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on October 22, 2024.

                                                                BRIAN McKAY
                                                                UNITED STATES MAGISTRATE JUDGE